**UNITED STATES of America,**
**Appellee,**

v.

**Sergio SHANLATE–FIGUEREO, a/k/a**
**Anibal Sanchez, Defendant–**
**Appellant.**

**Docket No. 01–1456.**

United States Court of Appeals,
Second Circuit.

May 28, 2002.

Paul J. Evangelista, Assistant Federal Public Defender (Alexander Bunin, Federal Public Defender, and Molly Corbett, on the brief), Albany, NY, for Appellant.

Tina E. Sciocchetti, Assistant United States Attorney (Joseph A. Pavone, United States Attorney for the Northern District of New York, Barbara D. Cottrell, Assistant United States Attorney, on the brief), Albany, NY, for Appellee.

Present WALKER, Jr., Chief Judge, JACOBS, and LEVAL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appeal from the judgment of said district court be and it hereby is DISMISSED.

Defendant-appellant Sergio Shanlate–Figuereo appeals from his sentence imposed by the district court after conviction upon a guilty plea for the failure to report monetary instruments of more than $10,000 upon entering the United States, in violation of 31 U.S.C. §§ 5316, 5322(a). Defendant was sentenced to a term of imprisonment of nine months, three years of supervised release, and a fine and assessment totaling $ 2050.00.

Defendant failed to surrender to the United States Bureau of Prisons on October 11, 2001, as ordered by the district court, and remains a fugitive at the time of this appeal. The Supreme Court has "consistently and unequivocally approve[d] dismissal as an appropriate sanction when a prisoner is a fugitive during the ongoing appellate process." *Ortega–Rodriguez v. United States*, 507 U.S. 234, 242, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993) (internal quotation marks omitted); *see United States v. Persico*, 853 F.2d 134, 136–37 (2d Cir. 1988).

We note that we believe it was an error of judgment for the Government to ignore the various points raised by the defendant, relying solely on the contention that the appeal should be dismissed because of defendant's fugitive status, and asking by footnote for an extension of thirty days to brief the issues "should the court determine that [the] appeal will be addressed." If the Government wished to have the appeal dismissed without the court hearing defendant's points, this should have been raised in advance of briefing by motion to dismiss. Having failed to move for such a dismissal, the Government had not forfeited the right to argue for dismissal, but was nonetheless obligated to provide the court with the briefing it would need to decide the appeal.

For the reasons set forth above, the appeal is DISMISSED.